IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NAKIA HERRON, #B-37065, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-375-GPM |
| | ) |
| JOHN D. EVANS, et al., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

      Plaintiff Nakia Herron, an inmate in Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based in part on incidents that occurred while Plaintiff was housed at Big Muddy Correctional Center ("Big Muddy"). Plaintiff is serving a 38 year sentence for murder. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such
>     relief.

28 U.S.C. § 1915A.

      An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this action.

**The Complaint**

On April 19, 2010, while Plaintiff was housed at Big Muddy, his cellmate claimed that Plaintiff struck him in the face (Doc. 1, pp. 5, 11). Both inmates were placed in segregation while the incident was investigated. Plaintiff was charged with the offense of Assaulting any Person (102), and after a disciplinary hearing, was found guilty of the infraction. He was initially sanctioned with 90 days in segregation, 90 days C-grade and loss of gym and yard privileges, and lost 30 days of good conduct credit. *Id.* He was also ordered to be transferred to a Level 2 (higher security) facility.

Plaintiff's offense was later reduced to Fighting (301), and his punishment was reduced to 30 days segregation, 30 days C-grade and loss of privileges, and no loss of good conduct credit

(Doc. 1, pp. 5, 16-17). These reductions were to have taken effect on May 12, 2010. However, Plaintiff was not released from segregation until June 10, 2010, after he was transferred to Pinckneyville. After Plaintiff filed a grievance over the error, the Administrative Review Board ordered his disciplinary record to be corrected (Doc. 1, p. 16).

Plaintiff seeks damages for the excess time he was forced to serve in segregation after he should have been released, as well as compensation for his lost state pay. He also complains that Defendants ignored his requests to investigate and rectify his improper retention in segregation, and violated his rights to due process.

**Discussion**

Plaintiff's key complaint is that after his 30-day "sentence" in segregation expired, he was held in "keep separate" status while at Big Muddy, and thus remained in segregation for some 29 extra days. He was only let out of segregation upon the completion of his disciplinary transfer to Pinckneyville. He argues that the undeserved additional stay in segregation was a violation of his protected liberty interest.

Plaintiff's situation is akin to that of an inmate who has been unjustly sanctioned with segregation as a result of a false or fabricated disciplinary charge. In such a case, the Seventh Circuit has determined that no constitutional violation has occurred, so long as the conditions of the inmate's confinement are not more onerous than the segregation conditions in the most secure prison in the state.

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court of the United States rejected an argument that "any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause." *Id*. at 484. Furthermore, the Supreme Court held that while a state

could create a liberty interest protected by the Due Process Clause, such interests were limited to cases where the discipline imposes an "atypical, significant deprivation" on the inmate in relation to the ordinary incidents of prison life - especially totally discretionary types of confinement such as administrative segregation and protective custody. *Id*. at 486.

In light of *Sandin*, the Seventh Circuit has observed that "the right to litigate disciplinary confinements has become vanishingly small." *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.* at 1176.

This Court understands *Sandin* and *Wagner* to hold that confinement–even if it is arbitrary– in disciplinary segregation, administrative segregation, or protective custody does not implicate any liberty interest under either the Due Process Clause or state law so long as the confinement itself does not constitute an "atypical, significant deprivation." *Sandin* at 486. A particular confinement is "atypical [and] significant" only if the conditions under which the inmate is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner*, 128 F.3d at 1175. Subsequent opinions by the Seventh Circuit have explained that where the duration of confinement in segregation is relatively short, no liberty interest will be implicated. *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 n.2 (7th Cir. 2009) (collecting cases).

In the case currently before the Court, nothing in the complaint or exhibits suggests that the conditions that Plaintiff had to endure because of being held for the additional 29 days in segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Nor does the duration of Plaintiff's time in segregation trigger due process

concerns.

Plaintiff indicates that some Defendants failed in their duty to keep abreast of the revision in his disciplinary status, thus he might have been released from segregation earlier if they had performed their jobs properly. At the same time, he suggests that the decision to hold him in "keep separate" status was deliberate. Regardless of which allegation might be correct, the question of whether Defendants retained Plaintiff in segregation intentionally or by mistake is of no consequence. If he was kept there intentionally, *Sandin* and *Wagner* direct that he has no constitutional claim. If prison officials mistakenly failed to release him from segregation, that would amount at most to negligence. It is well established that a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Accordingly, Plaintiff has failed to allege facts indicating that he was deprived of a liberty interest, either under the Due Process Clause or created by the State.

Plaintiff also implies that his disciplinary hearing was flawed, because the hearing panel did not consider his health care records, which Plaintiff maintains would have shown that he was innocent of the assault. Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Plaintiff does not claim that he was denied any of the protections required by *Wolff*. And,

so long as the decision of the disciplinary hearing board is supported by "some evidence," there is no due process violation. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Plaintiff's exhibits demonstrate that the decision to find him guilty of the infraction was supported by sufficient evidence, thus he has failed to state a claim for denial of due process in the disciplinary proceedings.

Finally, Plaintiff claims that Defendants ignored and/or failed to investigate his complaints and grievances that he was unjustly being retained in segregation. However, he cannot maintain a constitutional claim based on this allegation. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Plaintiff also cannot complain that prison officials did not rectify his situation after he filed grievances. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). Although it did not happen in time to free him from segregation, Plaintiff ultimately was vindicated when, as a result of his grievance, the Administrative Review Board directed Pinckneyville officials to correct his disciplinary record to reflect the reduced punishment.

For these reasons, Plaintiff has failed to state a claim upon which relief may be granted, and

this action shall be dismissed.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice. All Defendants are **DISMISSED** from this action with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED: April 11, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge